UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SENDER,<br><br>       Plaintiff,<br><br>       v.<br><br>FRANKLIN RESOURCES, INC.,<br><br>       Defendant.<br>_____/ | No. C-11-3828 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE JURY DEMAND; AND DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>**(Docket Nos. 6, 16)** |

Defendants' motion to dismiss Plaintiff's complaint and strike the jury demand and Plaintiff's motion to remand came on for hearing before the Court on October 14, 2011. Docket Nos. 6, 16. For the reasons set forth below, the Court **DENIES** Plaintiff's motion to remand and **GRANTS** Defendant's motion to dismiss Plaintiff's complaint, with leave to amend.

## I.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiff John Sender brought suit against Defendant Franklin Resources, Inc. for Defendant's alleged failure to issue stock that Plaintiff earned from his participation in Defendant's Employee Stock Ownership Plan ("ESOP") from 1972 to 1978. First Amended Compl. ¶¶ 1, 11 ("FAC"). When Plaintiff left Defendant's employment in 1978, the benefits accrued from his participation remained in the ESOP account because the ESOP did not permit immediate distributions to participants younger than 55 years old. FAC ¶ 11.

In 1981, Defendant terminated the ESOP. FAC ¶ 12. Upon the ESOP's termination, Defendant was to distribute the ESOP assets to the ESOP participants, including Plaintiff. FAC ¶ 12. Plaintiff alleges that he never received his share of the ESOP benefits, and that Defendant lacks

any records that Plaintiff ever received his shares. FAC ¶ 24. Prior to filing suit, Plaintiff sought to recover his shares by contacting Defendant's benefits department. FAC ¶ 15. Plaintiff's claim was denied by Defendant's Administrative Committee, which found that the ESOP benefits had already been fully distributed. FAC ¶ 16.

Based on Defendant's alleged failure to distribute the ESOP benefits and maintain records of the ESOP distributions, Plaintiff filed suit in state court. Plaintiff's claims are for state common law claims for breach of fiduciary duty and negligence, and a claim for an order directing issuance and delivery of share certificates pursuant to California Corporations Code § 419(b). FAC ¶¶ 26, 31, 36. Plaintiff seeks relief in the form of a judicial order requiring Defendant to issue and deliver to Plaintiff stock certificates reflecting the amounts accrued by Plaintiff in the ESOP, or the financial equivalent. FAC at 7. Defendant then removed this case to federal court on the basis that Plaintiff's state law claims are completely preempted by ERISA. Docket No. 1 ¶ 3e.

## II. DISCUSSION

A. Motion to Dismiss Plaintiff's Amended Complaint

ERISA was enacted by Congress to "protect the interests of participants in employee benefit plans and their beneficiaries by setting out substantive regulatory requirements for employee benefit plans and to provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (citing 29 U.S.C. 1001(b) (2006)). To ensure a uniform regulatory regime over employee benefit plans, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Id.* at 209.

There are two types of ERISA preemption. First, there is "conflict preemption" under ERISA's broad preemption provision § 514(a), which preempts all state laws "insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a) (2006). A defendant may raise conflict preemption as a defense to a state cause of action, but it does not confer federal jurisdiction or authorize removal. *Toumajian v. Frailey*, 135 F.3d 648, 654-55 (9th Cir. 1998); *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

2

Second, there is "complete preemption" under ERISA's civil enforcement scheme, § 502(a). *Toumajian*, 135 F.3d at 655; *Marin Gen. Hosp.*, 581 F.3d at 945. Section 502(a) empowers a participant of an ERISA plan to bring a "civil action . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B) (2006). "[I]f an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's action, then the individual's cause of action is completely preempted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. Unlike conflict preemption, complete preemption under § 502(a) does confer exclusive federal jurisdiction by converting a state cause of action into a federal one for removal purposes. *Id.* at 209; *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 ("Congress has clearly manifested an intent to make causes of action within the scope of civil enforcement provisions of § 502(a) removable to federal court.").[1]

Here, the issue is whether Plaintiff's claim that Defendant allegedly failed to deliver to Plaintiff stocks owed under the ESOP is preempted by ERISA.[2] For this Court to have jurisdiction in this case, Plaintiff's claim must be completely preempted by § 502(a). Ordinarily, whether a case arises under federal law depends on the "well-pleaded complaint" rule. *See Davila*, 542 U.S. at 207. An exception to the well-pleaded complaint rule exists where a federal statute, such as ERISA, wholly displaces the state law cause of action through complete preemption. *Id.* ERISA completely preempts the state law cause of action because a claim which falls within the scope of ERISA's civil

---

[1] In 2001 and 2004 cases, the Ninth Circuit stated that complete preemption required preemption under both § 514(a) and § 502(a). *Abraham v. Norcal Solid Waste Sys. Emp. Stock Ownership Plan & Trust*, 265 F.3d 811, 819 (9th Cir. 2001); *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1171 (9th Cir. 2004). Since then, the Supreme Court's decision in *Davila* clarified the distinction between conflict and complete preemption. In applying *Davila*, the Ninth Circuit found that a state cause of action that falls within ERISA's remedial scheme is preempted for jurisdictional purposes "*even* if those causes of action would not necessarily be preempted by section 514(a)." *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005); *see also Marin Gen. Hosp.*, 581 F.3d at 945-46.

[2] Parties do not dispute whether the ESOP is an "employee pension benefit plan" under ERISA.

3

enforcement scheme, "even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207-08.

Complete preemption under § 502(a) is determined under a two-prong test: (1) whether the plaintiff could have brought the claim under § 502(a), and (2) whether there is no other independent legal duty that is implicated by the defendant's actions. *Id.* at 210; *Marin Gen. Hosp.*, 581 F.3d at 946.

### 1. ERISA § 502(a) Claim

Defendant argues that Plaintiff's state law claims are completely preempted because it is ultimately a claim for benefits under § 502(a)(1)(B). § 502(a)(1)(B) empowers plan participants "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Courts have found that the plaintiff could have brought the claim under § 502(a) when the claim is for benefits owed under an ERISA plan. In *Davila*, the plaintiffs' complaints were for the denial of coverage promised to them under the terms of an ERISA-regulated plan. 542 U.S. at 211. Based on this denial of benefits, the plaintiffs could have paid for the treatment themselves and then sought reimbursement under § 502(a)(1)(B), or sought a preliminary injunction. *Id.* Likewise, in *Cleghorn*, the Ninth Circuit found that the plaintiff's claim could be brought under § 502(a) because the plaintiff only sought to receive benefits under his ERISA plan. 408 F.3d at 1225.

When the Ninth Circuit has found that a claim could not be brought under § 502(a), the claim arose independent of an ERISA plan. In *Abraham*, the plaintiffs were former employee-shareholders of an employee-owned garbage company, some of whom participated in the defendant's ESOP. 265 F.3d at 816. The defendant's ESOP later purchased the plaintiffs' shares of the company in exchange for long-term notes as part of a leveraged buyout of company stock. *Id.* The notes were to be paid in accordance with ERISA regulations for exempt transactions, and were governed by an indenture agreement that specifically stated it was governed by California law. *Id.* at 816-17. When the defendant defaulted, the plaintiffs brought suit alleging state law causes of action based on the defendant's conduct that resulted in the plaintiffs' losses from the defendant's

default. *Id.* at 817-18. The court ultimately found that these claims were not displaced by § 502(a) because the plaintiffs were "not seeking relief on behalf of an ERISA plan." *Id.* at 824. Instead, the claims were based on the plaintiff's status as note holders, and the duties owed by the defendants to their note holders. *Id.* It was irrelevant whether a plaintiff participated in the ESOP because the plaintiffs were bringing claims that were not dependent "upon any rights that are conferred, enforced, or governed by ERISA (nor upon a violation of the terms of a plan)." *Id.* The plaintiffs' claims were identical regardless of whether an individual participated in the ESOP because they were not suing for enforcement of the ESOP terms. *Id.*

The Ninth Circuit also rejected a complete preemption defense in *Marin General Hospital*, which found that the plaintiff's claims could not be brought under § 502(a) because it arose out of a separate contract independent of an ERISA plan. 581 F.3d at 947. There, the plaintiff was a hospital that had confirmed that a prospective patient had health insurance through an ERISA plan by calling the defendant, the plan's administrator. During the call, the defendant agreed to cover ninety percent of the patient's medical expenses. However, when the plaintiff sought payment, the defendant only paid the portion owed under the ERISA plan. *Id.* at 943. The Court found that the plaintiff's claim did not arise under ERISA because the plaintiff was seeking an additional amount "precisely because it [wa]s not owed under the patient's ERISA plan." *Id.* at 947. Unlike the plaintiff's claims in *Davila*, which was for denial of coverage promised under an ERISA plan, the plaintiff's claims in *Marin General Hospital* was for coverage costs outside the scope of an ERISA plan. *Id.* These costs were thus based on a contract independent of the ERISA plan, and could not be sought through § 502(a). *Id.* at 948.

In the instant case, Plaintiff could have brought his claim under § 502(a)(1)(B) because Plaintiff seeks stock owed to him under the ESOP, an ERISA plan. He seeks "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Defendants' alleged errors with respect to paying the ESOP benefits, including failure to maintain records and incorrectly deciding Plaintiff's claim for benefits, are tied to the payment of Plaintiff's benefits under the ESOP. Plaintiff's claim under California Corporations Code § 419(b) for reissuance of the stock certificates is also for ESOP benefits, as Plaintiff himself describes the stock certificates as ESOP shares, ESOP

1  benefits, benefits of the ESOP, stock certificates reflecting Plaintiff's interest in the ESOP, and
2  benefits.  *See* Docket No. 22 at 5, Amended Compl. ¶¶ 1, 2, 3, 19.

3        Plaintiff argues that his claims are not preempted because the case does not concern approval
4  or denial of benefits, but whether Plaintiff actually received the benefits.  Plaintiff cites *Beeson v.*
5  *Fireman's Fund Insurance Co.* and *Abraham*, but the Court finds both cases distinguishable.
6  *Beeson* concerned claims based on the defendant-employer's hiring of third party financial advisors
7  that advised the plaintiffs to withdraw their retirement benefits from an ERISA-regulated plan.  No.
8  C-09-2776 SC, 2009 U.S. Dist. LEXIS 83105, at *6-7 (N.D. Cal. Aug. 31, 2009).  After the
9  plaintiffs withdraw their assets and placed them in investments identified by the financial advisors,
10 the investments went bad.  *Id.* at *7.  The plaintiffs then filed suit against the defendant as a sponsor
11 and promoter of the financial advisors.  *Id.*  After the defendants removed the case, the court
12 remanded because the plaintiffs' claim concerned investment of the plaintiffs' assets after the assets
13 were withdrawn from an ERISA plan.  *Id.* at *16, 21.  As the plaintiffs' claims were not dependent
14 on assets held by the ERISA plan or upon the withdrawal of the assets from the plan, "their alleged
15 injury was not related to the receipt or maintenance of their benefits under the plan."  *Id.* at *23.  In
16 contrast, Plaintiff's claim here is precisely for the receipt of the benefits under the plan.  If Plaintiff
17 did not receive the stock owed to him by Defendant, Plaintiff could have brought a § 502(a) claim to
18 recover benefits due to him under the ESOP or to enforce his rights under the ESOP.  Even if his
19 entitlement to the stock was not disputed, if the stock was never delivered to Plaintiff, then Plaintiff
20 could bring a claim to recover the benefits owed to him under the ESOP.

21       *Abramson* is also distinguishable because there, the plaintiffs' claims were not dependent
22 upon their participation in an ESOP, but on their status as a noteholder.  265 F.3d at 824.  While
23 Plaintiff argues that he is suing as a stockholder, Plaintiff is suing because he did not actually
24 receive the stocks that he is entitled to under the ESOP, whereas the plaintiffs in *Abraham* sued
25 because of the defendant's default on its indebtedness to its noteholders.  The ERISA plan was
26 irrelevant in *Abraham* because it did not matter whether the plaintiffs were participants in ERISA.
27 Similarly, Plaintiff's claim is distinguishable from *Marin County Hospital*, where the plaintiff sued
28 the defendant on a contract that was independent of the ERISA plan.  581 F.3d at 948.  As the basis

of Plaintiff's claim for the stock is the fact that Plaintiff was a participant in the ESOP, and therefore entitled to the benefits of the ESOP, an ERISA plan, the Court finds that Plaintiff's claim could have been brought under § 502(a).

### 2. No Independent State Duty

Complete preemption also requires that there is "no other independent legal duty that is implicated by the defendant's actions." *Davila*, 542 U.S. at 210. In *Davila*, the Supreme Court rejected the plaintiff's contention that the claim for benefits arose independent of ERISA. *Id.* at 212. Although the state statute imposed a duty on the defendants to exercise ordinary care, liability under that statute only existed because of the defendants' administration of the ERISA plan. *Id.* at 213. Thus, the defendants' "potential liability under the [state statute] in these cases, then, derives entirely from the particular rights and obligations established by the benefit plans." *Id.* It was irrelevant that the state cause of action authorized remedies beyond those authorized by § 502(a); complete preemption existed because it was Congress's intent to make ERISA's civil enforcement scheme exclusive, and allowing state causes of action to supplement §502(a)'s remedies would undermine that intent. *Id.* at 216.

In *Marin General Hospital*, the Ninth Circuit found that the plaintiff's suit was based on independent legal duties because the state law claims imposed an obligation on the defendants to make payments required by a contract independent of the ERISA plan. 581 F.3d at 950. Thus, the state law claims were not based on an obligation under ERISA because they existed regardless of the ERISA plan. *Id.* Similarly, in *Paulsen v. CNF, Inc.*, the Ninth Circuit found that the plaintiff's cause of action was based on an independent duty imposed by state law negligence, not the benefits of an ERISA plan. 559 F.3d 1061, 1084 (9th Cir. 2009). There, the plaintiffs had brought a negligence claim against Towers Perrin for professional negligence in valuing the benefit liabilities of a plan governed by ERISA. *Id.* at 1085. While the Court found that ERISA required adequate funding and that informed Towers Perrin's valuation, the plaintiffs were not suing for the benefits of an ERISA plan. *Id.* at 1084. Thus, the claims were based only on a duty owed to the plaintiffs under state law, and were not preempted.

In the instant case, Plaintiff's state law claims do not attempt to remedy any violation of legal

duty independent of ERISA because they are based entirely on a failure to ensure that benefits owed under the ESOP were in fact paid. If Defendant is liable for not distributing the stock to Plaintiff, Defendant's liability arises from its failure to satisfy the terms of the ESOP. Plaintiff's common law claims impose duties that are directly connected with the distribution of the ESOP benefits, rather than arising independent of the ESOP. Even if Plaintiff's claim was limited to reissuance of stock certificates under California Corporations Code § 419, Plaintiff's claim is still dependent on the ESOP because the right to reissuance of the certificates depends on Plaintiff's right to receive his ESOP benefits. The distribution of the stock is integral to the administration of the ERISA plan, and any state claims in connection to that distribution are not independent of ERISA.[3]

The Court disagrees with Plaintiff's contention that a § 502(a) claim to recover benefits must involve interpretation of the ERISA plan at issue. In support of this contention, Plaintiff cites *Clark v. Ameritas Investment Corp.*, where the Court found that the plaintiffs did not allege a violation of any specific term of the plan in determining that the plaintiffs did not have a § 502(a) claim. 408 F. Supp. 2d 819, 834 (D. Neb. 2005). In that case, the plaintiffs had alleged that the defendant was negligent in carrying out stock valuation services, but made no "allegation or argument that the terms of the ESOP defined how the stock should be valued on what method of valuation should be used to perform that service." *Id.* Thus, the case turned on legal duties generated outside of ERISA, not on the plan itself. *Id.* Although courts within the Ninth Circuit have followed authorities cited by *Clark*, the cases have not suggested that complete preemption requires the terms of the plan to be at issue. *See, e.g.*, *Roessert v. Health Net*, 929 F. Supp. 343, 351 (N.D. Cal. 1996) (finding that the plaintiff's claim regarding the quality of her medical care was not preempted because the complaint related to plaintiff's medical treatment, did not implicate the defendant's role as an administrator of an ERISA plan, did not require reference to an ERISA plan, and did not require interpretation of an ERISA plan).

Here, although Plaintiff's claim is not dependent on interpreting the terms of the ERISA plan, it is dependent on the existence of the ERISA plan and required distribution of benefits from

---

[3] This is not a case whether the stock was issued to the Plaintiff pursuant to the ESOP and then a subsequent claim arose regarding its replacement.

that plan. Like *Davila*, Plaintiff's claims are based on benefits that he is owed under the ESOP and Defendant's administration of those ESOP benefits to Plaintiff. That the requirements of the plan are not disputed does not defeat ERISA's application any more than where an employer does not dispute the amount of contributions owed to a pension or health plan governed by ERISA, but simply fails to pay.[4]

Accordingly, the Court finds that Plaintiff's claim is completely preempted by ERISA.

B.  Motion to Dismiss the Doe Defendants

Defendant also moves to dismiss Plaintiff's claim against the Doe defendants on the grounds that the use of 'John Doe' to identify a defendant is disfavored in the Ninth Circuit. But where the identity of alleged defendants are not known prior to the filing of the complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (finding that the district court erred in dismissing the plaintiff's complaint against Doe where the plaintiff was not aware of Doe's identity at the time he filed his complaint).

In the instant case, Defendant argues that under § 502(a)(1)(B), a claim for relief may only be brought against a plan, its administrators, trustees, or those actually conducting administrative duties. The Court finds that Plaintiff should be given the opportunity to take discovery to determine whether entities other than Defendant should be named in this action.

C.  Motion to Strike Jury Demand

Defendant moves to strike Plaintiff's jury demand because there is no right to a jury trial on ERISA claims. The Ninth Circuit has found that there is no constitutional or statutory right to a jury trial in ERISA actions. *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1985), *abrogation*

---

[4] Plaintiff also argues that his claims are not preempted because the claims do not implicate the federal policies that Congress sought to promote in enacting ERISA. Plaintiff's reliance on *Just Trust Solutions, Inc. v. Buchanan Ingersoll & Rooney, P.C.* is inapposite; *Just Trust* did not concern ERISA preemption, but federal question jurisdiction under 28 U.S.C. § 1441(a). No. DKC 10-0883, 2010 U.S. Dist. LEXIS 74377, at *6 (D. Md. July 23, 2010). Furthermore, this case does implicate ERISA's policy of protecting plan beneficiaries by ensuring that plan beneficiaries receive the benefits to which they are entitled to.

*on other grounds recognized by Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889, 894 n.4 (9th Cir. 1990). Although the Ninth Circuit has recognized the right of an ERISA plaintiff to a jury trial if the nature of his claim is analogous to a common law suit and the remedy provided is legal in nature, "remedies available to a participant or beneficiary under ERISA are equitable in nature and the Seventh Amendment does not require that a jury trial be afforded for claims made by participants or beneficiaries." *Thomas v. Oregon Fruit Prods. Co.*, 228 F.3d 991, 997 (9th Cir. 2000). Thus, jury trials are not afforded to plaintiffs bringing claims under § 502. *Id.* at 996.

As Plaintiff's claims are completely preempted by § 502(a)(1), the Court finds that the claims are equitable in nature and Plaintiff has no right to a jury trial.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's amended complaint and Defendant's motion to strike jury demand, and **DENIES** Defendant's motion to dismiss Does 1 through 15 and Plaintiff's motion to remand. Plaintiff is given leave to amend his complaint accordingly. Plaintiff shall file an amended complaint within 20 days of the date of this order.

This order disposes of Docket Nos. 6 and 16.

IT IS SO ORDERED.

Dated: October 20, 2011

_____
EDWARD M. CHEN
United States District Judge