UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SENDER,<br><br>    Plaintiff,<br><br>v.<br><br>FRANKLIN RESOURCES, INC,<br><br>    Defendant. | Case No. 11-cv-03828-EMC<br><br>**ORDER (1) GRANTING PLAINTIFF'S MOTION TO AUGMENT THE ERISA ADMINISTRATIVE RECORD; (2) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AND (3) RE JOINT DISCOVERY LETTER**<br><br>Docket Nos. 150, 151, 162 |

On November 5, 2015, Plaintiff John Sender filed a motion to augment the Employee Retirement Income Security Act (ERISA) administrative record, while Defendant Franklin Resources, Inc. filed a motion to dismiss Plaintiff's California Corporations Code section 419 claim and strike the jury demand. Docket Nos. 150, 151. The parties also filed a joint discovery letter regarding Defendant's privilege log and the applicability of the fiduciary exception to the attorney-client privilege. Docket No. 162. The parties' motions came on for hearing before the Court on December 17, 2015. For the foregoing reasons and for reasons stated on the record, the Court orders as follows:

First, Plaintiff's motion to take discovery on the ERISA claim is **GRANTED**. Plaintiff indicated during the hearing that he is seeking the production of documents that were pulled by the administrator in reviewing his claim, approximately twenty boxes of material. Given the atypical nature of this case, a wider range of discovery is warranted to ensure that the administrative record is complete, and is consistent with the ERISA's regulations. *See* C.F.R. § 2560.503-1(h)(2)(iii) (requiring that "a claimant shall be provided, upon request and free of charge, reasonable access

1  to, and copies of, all documents, records, and other information relevant to the claimant's claim for
2  benefits."); § 2560.503-1(m)(8)(i)-(ii) (defining "relevant" as any document that was (i) relied
3  upon in making the benefit determination; or (ii) was submitted, considered, or generated in the
4  course of making the benefit determination, regardless of whether the document, record, or other
5  information as relied upon in making the benefit determination).  Furthermore, given the obvious
6  conflict of interest in this case, discovery is warranted to inform the Court's review of the
7  administrator's decision on Plaintiff's claim for benefits.[1]  *See Abatie v. Alta Health & Life Ins.*
8  *Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (permitting court to consider evidence beyond that in the
9  administrative record to determine whether a conflict of interest will affect the appropriate level of
10 judicial inquiry).

11       Second, Defendant's motion to dismiss the California Corporations Code section 419
12 claim is **DENIED**.  The Court finds that the re-issuance of a lost or missing stock certificate does
13 not concern a matter of internal affairs so as to implicate the internal affairs doctrine, unlike the
14 initial issuance of shares or dividends as required by the bylaws.  Furthermore, under traditional
15 conflict of law principles, California law would apply because there is no conflict between the
16 California and Delaware statutes governing the re-issuance of stock certificates.  *See Shields v.*
17 *Singleton*, 15 Cal. App. 4th 1611, 1621 (1993) (applying California law where California and
18 Delaware law were identical); *Grosset v. Wenaas*, 42 Cal. 4th 1100, 1107 (2008) (same).
19 Defendant admitted that the wording of the statutes were almost identical, and only raised
20 concerns that Delaware case law places the burden of proof on the plaintiff while no California
21 court has decided the issue.  However, at the hearing, Plaintiff also acknowledged that it would be
22 the plaintiff's burden to show entitlement to the stock certificate.  Thus, because there is no
23 conflict between the California and Delaware statutes, the Court finds that California law applies

---

[1] To the extent Defendant argues that it has already produced every document that was considered by the Administrative Committee in making Plaintiff's benefit determination, the Ninth Circuit has already found that "the committee identified as the plan committee does not appear to have been a legal entity separate from Franklin." *Sender v. Franklin Res., Inc.*, 606 Fed. Appx. 379, 380 (9th Cir. 2015).  Thus, the Ninth Circuit has determined that Defendant itself could be held responsible as the plan administrator, and the administrative record should include documents considered by Defendant during their investigation of Plaintiff's benefit claim, not just the documents considered by the Administrative Committee.

2

and will not dismiss Plaintiff's section 419 claim.

Third, Defendant's motion to strike Plaintiff's jury demand is **GRANTED**. Plaintiff brings his claim for benefits pursuant to ERISA section 502(a)(1)(B), and the Ninth Circuit has unequivocally held that there is no jury right for a claim arising under this section because section 502 "provides *only* for equitable relief." *Spinelli v. Gaughan*, 12 F.3d 853, 857 (9th Cir. 1993); *see also Thomas v. Ore. Fruit Prods. Co.*, 228 F.3d 991, 996 (9th Cir. 2000) ("plan participants and beneficiaries are not entitled to jury trials for claims brought under, or preempted by, section 502 of ERISA"). Plaintiff contends that a jury trial is appropriate because the Ninth Circuit's decision in *Cyr v. Reliance Standard Life Insurance Co.* found that "parties other than plans can be sued for money damages under other provisions of ERISA, such as § [502(a)(1)(B)], as long as that party's individual liability is established." 642 F.3d 1202, 1207 (9th Cir. 2011). However, *Cyr* considered whether a proper defendant is limited to plans and plan administrators, and did not address the right to a jury for an ERISA claim. District courts discussing *Cyr* have likewise not found that *Cyr* creates an entitlement to a jury trial. *E.g.*, *Kaminskiy v. Kimberlite Corp.*, No. C-14-0418-MMC, 2014 U.S. Dist. LEXIS 72061, at *16-18 (N.D. Cal. May 27, 2014) (striking jury demand despite granting leave to amend the complaint to include defendants other than the plan per *Cyr*); *Minna Tao v. Wu*, No. C-11-3248-PJH, 2012 U.S. Dist. LEXIS 47233, at *4-6 (N.D. Cal. Apr. 3, 2012) (striking jury demand after considering *Cyr* for the proposition of who is a proper defendant under ERISA). Plaintiff does not otherwise dispute that his section 419 claim is for equitable relief only. Docket No. 155 at 12. The Court therefore finds that a bench trial is appropriate for this case.

Finally, with respect to the parties' joint discovery letter, the Court **ORDERS** the parties to meet and confer in an attempt to resolve the discovery dispute. During the hearing, the Court stated its view that subject to limited exceptions (*i.e.*, personal exposure to civil and criminal liability), the fiduciary duty would typically require disclosure of documents related to a plaintiff's benefits claim. *See United States v. Mett*, 178 F.3d 1058 (9th Cir. 1999). If the parties are unable to resolve their dispute with this guidance, the parties should bring their concerns to the magistrate judge assigned to this case.

3

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to take discovery related to his ERISA claim and the conflict of interest, **DENIES** Defendant's motion to dismiss Plaintiff's section 419 claim, and **GRANTS** Defendant's motion to strike Plaintiff's jury demand.

This order disposes of Docket Nos. 150, 151, and 162.

**IT IS SO ORDERED**.

Dated: December 22, 2015

_____
EDWARD M. CHEN
United States District Judge