1
2
3
4
5
6
7
8
9
10
11
12
13

Jonathan C. Dickey, No. 88226
Steven J. Johnson, No. 121568
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  (650) 849-5300
Facsimile:  (650) 849-5333
Email:        jdickey@gibsondunn.com
                  sjjohnson@gibsondunn.com

R. Bradford Huss, No. 71303
Clarissa A. Kang, No. 210660
Sean T. Strauss, No. 245811
TRUCKER ✦ HUSS, A Professional Corporation
One Embarcadero Center, 12th Floor
San Francisco, California 94111
Telephone: (415) 788-3111
Facsimile:  (415) 421-2017
Email:        bhuss@truckerhuss.com
                  ckang@truckerhuss.com
                  sstrauss@truckerhuss.com

Attorneys for Defendant
FRANKLIN RESOURCES, INC.

14

UNITED STATES DISTRICT COURT

15

NORTHERN DISTRICT OF CALIFORNIA

16

SAN FRANCISCO DIVISION

17
18
19
20
21
22

JOHN SENDER,

                              Plaintiff,

        v.

FRANKLIN RESOURCES, INC. and DOES
1-15,

                              Defendants.

CASE NO. 11-cv-3828 EMC

**STIPULATION AND [PROPOSED] ORDER
EXTENDING DISCOVERY DEADLINES**

23
24
25
26
27
28

        WHEREAS, this Court's First Amended Case Management and Pretrial Order for Jury Trial

("Amended Case Management Order") (ECF No. 146), entered on October 19, 2015, set a non-expert

discovery cut-off of February 18, 2016, an expert discovery cut-off of March 31, 2016, and a trial

date of August 15, 2016;

Gibson, Dunn &
Crutcher LLP

WHEREAS, at the Case Management Conference on December 17, 2015, the Parties discussed the discovery deadlines and Defendant suggested that a modification of the discovery schedule may be required.  Dec. 17, 2015 Hr'g Tr. at 29:1-31-3 (ECF No. 173).  Based on the information available at the Case Management Conference, the Court declined to modify the discovery schedule at that time.  *Id.*;

WHEREAS, since the December 17, 2015 Case Management Conference, there have been several significant developments the Parties agree warrant certain modifications of the current discovery deadlines as set forth below;

WHEREAS, on December 22, 2015, this Court issued an Order granting Plaintiff's motion to take certain discovery on the ERISA claim;

WHEREAS, Pursuant to the Court's instruction at the Case Management Conference, the Parties promptly met and conferred regarding Defendant's efforts to identify boxes for review and production.  Defendant has kept Plaintiff's counsel informed of the ongoing progress of its document review efforts and the fact that the additional discovery ordered by the Court on the ERISA claim requires the review and production of at least 50 boxes rather than the 20 boxes discussed at the hearing on December 17, 2015;

WHEREAS, on December 23, 2015, Defendant retained new lead defense counsel, Gibson, Dunn & Crutcher LLP ("Gibson"), including to help manage the discovery burden, whose lead attorneys filed their Notices of Appearance on December 29, 2015.  Gibson has promptly commenced an effort to familiarize itself with all the pleading files, administrative record, procedural history, and relevant facts of the case;

WHEREAS, one of the two Trucker ✦ Huss attorneys that has represented Defendant throughout this litigation is leaving the firm and thus will no longer represent Defendant, necessitating the addition and education of two new attorneys at Trucker ✦ Huss, both of whom filed their Notices of Appearance on December 31, 2015;

WHEREAS, Defendant's counsel has continued to work diligently over the ensuing holidays to comply with outstanding discovery requests, and to review the 50 or more boxes identified so far, and based on a preliminary review, Defendant has advised Plaintiff's counsel that all such boxes need

to be reviewed—and potentially redacted—for privilege and privacy issues (including personal financial information of third parties), before they can be produced to Plaintiff on a rolling basis;

WHEREAS, Defendant's counsel has met and conferred with Plaintiff's counsel regarding the scope of discovery, the discovery schedule, the rolling production of materials discussed above, and deposition scheduling, and has proposed a modest modification of the discovery schedule to accommodate the time necessary for the document review and production, resolution of pending discovery disputes, depositions, and expert discovery;

WHEREAS, the Parties have propounded various discovery requests, have served objections, have met and conferred since the Case Management Conference, and have determined that there are certain discovery disputes which will need to be resolved by the assigned Magistrate Judge.  One discovery dispute has already been submitted to the Magistrate Judge on December 24, 2015, but has not been decided, and an additional dispute will likely be submitted to the Magistrate Judge in early January regarding the scope of certain depositions and other discovery;

WHEREAS, both Parties anticipate that each side may take up to ten depositions as set forth in the Federal Rules of Civil Procedure and the Court's Amended Case Management Order.  Many of the witnesses are former employees of Defendant or third parties who live out of state, and whose depositions may need to be taken in various locations around the country.  The Parties have contacted witnesses in order to determine availability and work out a deposition schedule that is mutually convenient to the witnesses and counsel, but that effort is not fully complete due in part to the holidays;

WHEREAS, the Parties have met and conferred regarding all of the foregoing, and agree that under the circumstances there is good cause to extend the deadlines for non-expert and expert discovery to accommodate new counsel's entry into the case, the review and production of the recently identified additional boxes of documents, the resolution of pending discovery disputes, a number of out of state depositions, and the additional discovery contemplated under the Court's December 22, 2015 Order;

WHEREAS, the Parties are not requesting any continuance of the August 15, 2016 trial date; (ECF No. 146);

Gibson, Dunn &
Crutcher LLP

WHEREAS, this Court denied Defendant's motion to dismiss Plaintiff's claim under California Corporation Code § 419 (ECF No. 167) on December 22, 2015, and therefore Defendant's Answer to the Third Amended Complaint is currently due on January 5, 2016.  Defendant's counsel has requested a short extension of the deadline for the Answer from January 5 to January 8, 2016 in light of the intervening holidays, and subject to the Court's approval, Plaintiff's counsel has agreed to the requested extension of the date to answer the Third Amended Complaint.

THEREFORE, good cause existing, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties hereto, through their counsel of record, that they jointly request a modification of the deadlines for fact and expert discovery in the Court's Amended Case Management Order of October 19, 2015 (ECF. No. 146), and request the Court to adopt the following new deadlines:

1.  The Parties respectfully request that the deadline for non-expert discovery be extended from February 18, 2016 to April 30, 2016;

2.  The Parties respectfully request that the deadline for disclosing expert opening reports be extended from February 18, 2016 to April 15, 2016;

3.  The Parties respectfully request that the deadline for disclosing expert rebuttal reports be extended from March 10, 2016, to May 6, 2016; and

4.  The Parties respectfully request that the deadline for expert discovery be extended from March 31, 2016 to May 25, 2016.

5.  Defendant respectfully requests, and Plaintiff does not oppose, extension of the deadline for Defendant to file an Answer to the Third Amended Complaint from January 5, 2016, to January 8, 2016.

Dated: January 4, 2016

CERA LLP                                          GIBSON, DUNN & CRUTCHER LLP


By:  /s/ Solomon B. Cera                          By:  /s/ Jonathan C. Dickey
        Solomon B. Cera                                   Jonathan C. Dickey

Solomon B. Cera                                   Jonathan C. Dickey
Louis A. Kessler                                  Steven J. Johnson
595 Market Street, Suite 2300                     1881 Page Mill Road
San Francisco, California 94105                   Palo Alto, CA 94304-1211
Tel: (415) 777-2230                               Tel: (650) 849-5300

Fax: (415) 777-5189
scera@cerallp.com
lakessler@cerallp.com

*Attorneys for Plaintiff*
*John Sender*

Fax: (650) 849-5333
jdickey@gibsondunn.com
sjjohnson@gibsondunn.com

By: /s/ R. Bradford Huss
      R. Bradford Huss

TRUCKER ✦ HUSS, A Professional Corporation
R. Bradford Huss
Clarissa A. Kang
Sean T. Strauss
One Embarcadero Center, 12th Floor
San Francisco, California 94111
Tel: (415) 788-3111
Fax: (415) 421-2017
bhuss@truckerhuss.com
ckang@truckerhuss.com
sstrauss@truckerhuss.com

*Attorneys for Defendant*
*Franklin Resources, Inc.*

Gibson, Dunn &
Crutcher LLP

STIPULATION AND [PROPOSED] ORDER EXTENDING DISCOVERY DEADLINES – CASE NO. 11-cv-3828 EMC

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, the First Amended Case Management and Pretrial Order for Jury Trial ("Amended Case Management Order") (ECF No. 146) is amended as follows:  (1) the non-expert discovery cut-off is extended from February 18, 2016, to April 30, 2016; (2) the deadline for disclosing expert opening reports is extended from February 18, 2016, to April 15, 2016; (3) the deadline for disclosing expert rebuttal reports is extended from March 10, 2016, to May 6, 2016; and (4) the expert discovery cut-off is extended from March 31, 2016, to May 25, 2016.  All other dates established by the Amended Case Management Order are unchanged.  Defendant's deadline for filing an Answer to the Third Amended Complaint is extended from January 5, 2016, to January 8, 2016.

IT IS SO ORDERED.

Dated: _____1/5/2016_____



_____
Hon. Edward M. Chen
United States District Judge

Gibson, Dunn &
Crutcher LLP