UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SENDER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANKLIN RESOURCES INC,<br><br>　　　　Defendant. | Case No.  11-cv-03828-EMC<br><br>**ORDER RE PARTIES' JOINT LETTER BRIEF OF JANUARY 6, 2016 REGARDING ERISA DISCOVERY DISPUTE**<br><br>Docket No. 179 |

　　　　On January 6, 2016, the parties filed a letter brief regarding an ERISA discovery dispute. Docket No. 179.  Because the parties dispute the extent of discovery ordered by the Court, the Court clarifies its prior order.

　　　　At the hearing on Plaintiff's motion to augment the ERISA record, Plaintiff agreed that the motion to augment was better characterized as a request for "discovery with an eye towards augmenting the record," and that "the discovery [Plaintiff] want[s] are those 20 something boxes that [Plaintiff] say[s] were pulled." Docket No. 173 at 27:4-9; *see also* Docket No. 173 at 13:17; 16:20-22; 23:15-24:3.  Based on these representations, the Court granted Plaintiff's motion to augment, focusing on the twenty boxes Plaintiff indicated was the extent of the discovery sought. Docket No. 167.  Defendant has since been in the process of producing the number of boxes sought, which far exceeds the number Plaintiff represented to the Court (over fifty).  Docket No. 179 at 8.

　　　　Plaintiff now seeks discovery of Electronically Stored Information (ESI) of over seventy individuals, based on six search terms, and depositions of ten individuals, *id.* at 3-4, even though he did not ask for such at the conclusion of the hearing.

　　　　Nonetheless, the Court finds that discovery of the ESI may be appropriate, given that the

regulations define "relevant" documents as any document that was submitted, considered, or *generated* in the course of making the benefits determination. *See* C.F.R. § 2560.503-1(m)(8)(ii). The e-mails may be relevant to the extent of a conflict of interest, if any. However, the search terms proposed by Plaintiff appears broad, particularly with the proposed term "Sender." Discovery of such records must be reasonably tailored and in keeping with the purpose of ERISA to establish an economical and expeditious process of appeal. *See Wilcox v. Metro. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 2977 (balancing ERISA's primary goal "to provide a means for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously" with the need for discovery to allow the Court to "fully evaluate the nature and effect of a structural conflict" to permit limited discovery into specified areas). Thus, while the Court will permit some discovery of the e-mails, the parties should meet and confer as to the appropriate search terms. If the parties are unable to agree on reasonably tailored search terms, the parties should bring their dispute to Judge Kim for resolution.

Second, the Court notes that while discovery into a conflict of interest is permitted, it too "must be narrowly tailored to reveal the nature and extent of the conflict, and must not be a fishing expedition." *Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. 2010). Particularly in the context of ERISA, the use of depositions is an extraordinary measure that goes beyond the normal framework of ERISA appeals, and the record contains no specific justification to resort to such discovery. The Court does not foreclose the possibility that Plaintiff can make such a showing, but at this point, Plaintiff has not demonstrated a need for such discovery or any legal authority that suggests that such extraordinary measures are permissible in this case. If Plaintiff believes he can make such a showing, the parties shall meet and confer, and if necessary, submit any unresolved disputes to Judge Kim.

///
///
///
///
///

Based on the following guidance, the parties are **ORDERED** to meet and confer as to the proposed search terms and whether depositions are appropriate in this case (and if so, the scope of such depositions). Any further discovery disputes should be submitted to Judge Kim for resolution, in compliance with her Standing Order. *See* Docket No. 168.

**IT IS SO ORDERED**.

Dated: January 14, 2016

_____
EDWARD M. CHEN
United States District Judge