UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SENDER,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANKLIN RESOURCES INC,<br><br>        Defendant. | Case No.  11-cv-03828-EMC   (SK)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>Regarding Docket No. 170 |

Before the Court is Plaintiff's motion to compel the production of documents that Defendant Franklin Resources, Inc. ("Defendant") previously withheld from production or redacted on the grounds of attorney-client privilege. At issue is whether Defendant is required to produce those documents in question in this action under the fiduciary exception to the Employee Retirement Income Security Act of 1974 ("ERISA"). Having reviewed the papers submitted by the parties, heard oral argument, and performed an *in camera* review of the documents at issue, the Court HEREBY GRANTS IN PART and DENIES IN PART Plaintiff's motion to compel production of documents.

**A.      BACKGROUND**

Plaintiff John Sender brought suit under ERISA against Defendant for Defendant's alleged failure to issue stock to Plaintiff earned from his participation in Defendant's Employee Stock Ownership Plan ("ESOP") from 1972 to 1978. Plaintiff alleges that, when he left Defendant's employment in 1978, the benefits that accrued from his participation in the ESOP account remained in the account because the ESOP did not permit distributions to participants younger than age 55. The ESOP was terminated in 1981 and the terms required that profits be distributed at that time. Plaintiff claims that he never received his share of ESOP benefits. When Plaintiff

1  turned 65 in 2007, the Social Security Administration advised Plaintiff that he may be entitled to

2  retirement benefits from Defendant. Plaintiff subsequently initiated contact with Defendant, and

3  on April 17, 2008, Defendant denied Plaintiff's claim. Plaintiff subsequently appealed the claim.

4  On December 5, 2008, Defendant denied Plaintiff's appeal. This action was filed in San Mateo

5  County Superior Court and was subsequently removed to this Court in August 2011.

During the production of the administrative record by Defendant, Plaintiff received a privilege log of seventy-seven entries of information withheld from the administrative record on the grounds that the information is subject to the attorney-client privilege (the "Privilege Log"). Plaintiff asserts that it was error for Defendant to withhold or redact the documents listed in the Privilege Log. Plaintiff relies on the fiduciary exception discussed in *United States v. Mett,* 178 F.3d 1058 (9th Cir. 1999) in support of his position. According to *Mett,* "the fiduciary exception provides that an employer acting in the capacity of an ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." *Id.* at 1063. There is no dispute that Defendant was acting as an ERISA fiduciary in this context. The issue before the Court is whether the fiduciary exception renders the Defendant's assertion of privilege inoperative, thus requiring Defendant to produce the documents in question without redaction.

**B.      STANDARD**

   **1. Attorney-Client Privilege and the Fiduciary Exception**

"The attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges." *Mett,* 178 F.3d at 1062 *(*quoting *United States v. Bauer,* 132 F.3d 504, 510 (9th Cir. 1977.) The privilege acknowledges that legal advice and advocacy *depends on* the lawyer being fully informed by the client. *Id.* Yet, the Ninth Circuit recognized the "fiduciary exception" to the attorney-client privilege. "As applied in the ERISA context, the fiduciary exception provides that an employer acting in the capacity of an ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." *Mett,* 178 F.3d at 1063. As discussed at oral argument, the recent opinion of *Wit v. United Behavioral Health,* 2016 U.S. Lexis 7242 (N.D. Cal. 2016), provides a well-reasoned and detailed history of the case law

1  regarding the fiduciary exception to date.

2  Plaintiff argues that the fiduciary exception is automatic, expiring only when the parties
3  become sufficiently adverse, e.g., after a final administrative appeal.  Given that the documents
4  sought are dated October 2007 to October 2008 – two months or more before the Plaintiff's
5  administrative appeal was denied on December 5, 2008, Plaintiff asserts that the fiduciary
6  exception applies and that the documents must be produced without redaction.   However, there is
7  no bright line rule that that, until an ERISA administrative benefit claim is finally denied, there
8  can be no attorney-client privilege.

9  "The case authorities mark out two ends of a spectrum."  *Mett,* 178 F.3d 10 1064; *Stephan
10  v. Unum Life Ins.,* 697 F.3d 917, 933 (9th Cir. 2012).   At one end of the spectrum, "where an
11  ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice
12  clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the
13  attorney-client privilege against the plan beneficiaries."  *Id.*   At the other end of the spectrum,
14  "where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries . . .
15  the attorney-client privilege remains intact."  *Id.*   Where the communication falls on this spectrum
16  – between pure plan administration to civil or criminal liability –  is the basis for analyzing
17  whether the fiduciary exception applies.

18  Contrary to Plaintiff's argument, the fiduciary exception is not merely a question of timing
19  in the claim process; the fiduciary exception is an evaluation of the content of the communication
20  – whether the communication involves administration of the claim or the potential liability of the
21  trustee.   The mere fact that a document addresses compliance or has implications of potential legal
22  exposure is not enough to avoid the fiduciary exception.  *Wit,* 2016 U.S. Lexis at * 21-22.   But
23  where the communication involves advice "plainly defensive on the trustee's part and advising the
24  trustees how far they were in peril," the communication will fall on the protected end of the
25  spectrum. *Stephan*, 697 F.3d at 932.

26  **C.  ANALYSIS**

27  To ascertain where the Defendant's communications fall on the spectrum, the Court found
28  it necessary to conduct an *in camera* review of the documents in question to determine whether the

3

fiduciary exception applies and the documents are subject to production without redaction. While there are seventy-seven entries that are the subject of Plaintiff's motion, there are in actuality only nineteen communications in question because of duplication.[1]

### 1. Communication 1 (Privilege Log Item 1)

Communication 1, an October 12, 2007 email to outside counsel, Brad Huss, and the Senior Association General Counsel for Defendant, Dan Carr, involves a specific request to conduct legal research on the applicability of a specific legal defense and thus, the Defendant's potential liability. It does not involve the administration of the plan. The assertion of the attorney-client privilege is sustained. The request does not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of this document.

### 2. Communication 2 (Privilege Log Item 2, 3)

Communication 2, another October 12, 2007 email between outside and inside counsel, responds to the inquiry for legal research on the defense identified in Communication 1. The assertion of the attorney-client privilege is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

### 3. Communication 3 (Privilege Log Item 4)

Communication 3 is an email from outside counsel, Clarissa Kang, to Mr. Carr attaching her research on the defense identified in Communication 1. The assertion of the attorney-client privilege is sustained. The communication does not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of this document.

### 4. Communication 4 (Privilege Log Item 5)

Communication 4 is a research memorandum prepared by Ms. Kang on the defense

---

[1] Defendant produced a reference chart listing the each of the nineteen communications and the corresponding "items" on the privilege log where each communication appeared or was repeated. The Court has analyzed the chart, the privilege log and corresponding documents to assure the accuracy of Defendant's reference chart and confirms that there were only nineteen communications among the seventy-seven entries.

1  identified in Communication 1 and the copy of a decision referenced in the memorandum.  The
2  assertion of the attorney-client privilege and attorney work product is sustained.  The
3  communication does not involve plan administration, and the fiduciary exception does not apply.
4  The Court denies the motion to compel production of this document.

**5.    Communication 5 (Privilege Log Items 6, 19, 41, 44, 74)**

Communication 5 is an email dated March 6, 2008 from Nichole Smith, Franklin's Benefits Program Manager, to Mr. Huss.  The redacted portion is a summary of the legal research that is the subject of Communication 1.  The assertion of the attorney-client privilege and work product doctrine is sustained.  The communications do not involve plan administration, and the fiduciary exception does not apply.  The Court denies the motion to compel production of these documents.

**6.    Communication 6 (Privilege Log Items 7, 75, 76, 77)**

Communication 6 is an October 23, 2008 email from Mr. Huss to Ms. Smith, with copies to Mr. Carr and outside counsel, Robert Schwartz.  While the initial assertion of the attorney-client privilege is proper, the communications are not defensive in nature, and the fiduciary exception applies.  The Court grants the motion to compel production of these documents.  Defendant shall produce Privilege Log Items 7, 75, 76 and 77 to Plaintiff without redaction.

**7.    Communication 7 (Privilege Log Item 8)**

Communication 7 is a version of Communication 5.  The redacted portion is a summary of the legal research that is the subject of Communication 1.  The assertion of the attorney-client and work product doctrine privilege is sustained.  The communication does not involve plan administration, and the fiduciary exception does not apply.  The Court denies the motion to compel production of this document.

**8.    Communication 8 (Privilege Log Items 9, 73)**

Communication 8 consists of handwritten notes that according to the privilege log were made by Ms. Smith during a telephone call with outside counsel.  The redacted portion is a summary of the legal research that is the subject of Communication 1.  The assertion of the attorney-client privilege and work product doctrine is sustained.  The communications do not

involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

### 9. Communication 9 (Privilege Log Items 10, 11, 29-31)

Communication 9 is an email dated September 5, 2007 from Ms. Smith to Franklin management, including its executive vice president and general counsel. The redacted portion is a summary of the legal research that is the subject of Communication 1. The assertion of the attorney-client privilege and work product doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

### 10. Communication 10 (Privilege Log Items 12-14, 21, 32-36, 45-50)

Communication 10 is an email dated October 7, 2007 from Ms. Smith to the Defendant's Vice- President of Global Benefits and Human Resources Communications, with a copy to Mr. Carr and the Defendant's Director of Human Resources Business Partnering, and this document substantially similar to Communication 5. The assertion of the attorney-client privilege and work product doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

### 11. Communication 11 (Privilege Log Items 15-17, 37-39, 42-43)

Communication 11 is an email from Ms. Smith to Phil Scatena, Defendant's former Director of Finance. Included is the October 7, 2007 summary that comprises Communication 5. The assertion of the attorney-client privilege and work product doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

### 12. Communication 12 (Privilege Log Items 18, 40)

Communication 12 is comprised of Ms. Smith's notes from her conversation with Mr. Scatena. The redacted portion addresses the subject of Communication 1. The assertion of the attorney-client privilege and work product doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the

1  motion to compel production of these documents.

**13.  Communication 13 (Privilege Log Items 19, 20, 41, 44, 47)**

Communication 13 is the March 6, 2008 email from Ms. Smith to Mr. Huss that is substantially similar to Communication 5. The redaction is the same as that which was redacted from Communication 5. The assertion of the attorney-client privilege and work product doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

**14.  Communication 14 (Privilege Log Items 22, 23, 51-53)**

Communication 14 is a January 11, 2008 email from Mr. Huss to Ms. Smith and Mr. Carr. The redaction addresses the defense that is the subject of Communication 1. The assertion of the attorney-client privilege and work product doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

**15.  Communication 15 (Privilege Log Items 24, 54-60, 63-71)**

Communication 15 is a January 29, 2008 email from Mr. Huss to Ms. Smith. While the initial assertion of the attorney-client privilege is proper, the communications involve plan administration, and the fiduciary exception applies. The Court grants the motion to compel production of these documents. Defendant shall produce these documents (Privilege Log Items 24, 54-60, 63-7) to Plaintiff without redaction.

**16.  Communication 16 (Privilege Log Items 25, 61)**

Communication 16 is an email from Ms. Smith to Maria Gray, Defendant's Senior Associate Counsel. The redaction addresses the defense that is the subject of Communication 1 and seeks legal advice regarding a defensive issue for Defendant. The assertion of the attorney-client privilege doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

**17.  Communication 17 (Privilege Log Items 26, 62)**

Communication 17 is a February 1, 2008 email from Ms. Smith to Mr. Huss. While the

initial assertion of the attorney-client privilege is proper, the communications involve plan administration, and the fiduciary exception applies. The Court grants the motion to compel production of these documents. Defendant shall produce these documents (Privilege Log Items 26, 62) to Plaintiff without redaction.

**18.    Communication 18 (Privilege Log Item 27)**

Communication 18 is a February 29, 2008 email from Mr. Huss to Ms. Smith. While the initial assertion of the attorney-client privilege is proper, the communication involves plan administration, and the fiduciary exception applies. The Court grants the motion to compel production of this document. Defendant shall produce the document (Privilege Log Item 27) to Plaintiff without redaction.

**19.    Communication 19 (Privilege Log Items 28, 72)**

Communication 19 is an email from Ms. Smith to Mr. Carr and Mr. Huss. The redacted portion involves the defense that is the subject of Communication 1. The assertion of the attorney-client privilege doctrine is sustained. The communications do not involve plan administration, and the fiduciary exception does not apply. The Court denies the motion to compel production of these documents.

**D.    CONCLUSION**

For the reasons stated above, this Court GRANTS IN PART and DENIES I PART Plaintiff's motion to compel production of documents. Defendant shall produce the documents described in the Privilege Log items that include Communications 6, 15, 17, and 18, as described above in more detail, without redaction.

**IT IS SO ORDERED**.

Dated: February 18, 2015

_____
SALLIE KIM
United States Magistrate Judge