UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SENDER,<br><br>        Plaintiff,<br><br>    v.<br><br>FRANKLIN RESOURCES INC,<br><br>        Defendant. | Case No. 11-cv-03828-EMC   (SK)<br><br>**ORDER RE PARTIES' JOINT LETTER BRIEF OF FEBRUARY 12, 2016 REGARDING ERISA DISCOVERY DISPUTE**<br><br>Regarding Docket No. 185 |

Before the Court is the parties' Letter Brief Regarding ERISA Discovery Dispute (Dkt. No. 185) in which Plaintiff John Sender seeks the depositions of five individuals and responses to written discovery from Defendant Franklin Resources ("Franklin"). The Court has reviewed and considered the brief, Plaintiff's Response to the February 18, 2016 Order (Dkt. No. 190), the record in this case, and the March 2, 2016 oral argument of the parties, and HEREBY GRANTS IN PART AND DENIES IN PART the discovery sought by Plaintiff. Specifically, Plaintiff's request for deposition testimony is GRANTED IN PART, but Plaintiff shall only be permitted to depose the representative(s) of Franklin designated on the specific topics set forth in this Order, consistent with the procedure set forth in Federal Rule of Civil Procedure 30(b)(6). The request to depose the specific individuals named is DENIED. Further, the request for Defendant's responses to written discovery is DENIED.

**A.    Conflict of Interest is a Proper Subject for ERISA Discovery.**

Plaintiff seeks deposition testimony and written discovery to explore how Franklin's conflict of interest affected the administrative review of Plaintiff's claim. Judge Chen previously acknowledged the conflict of interest in this matter and the propriety of discovery on the subject. Specifically, he stated that, "given the obvious conflict of interest in this case, discovery is

1   warranted to inform the Court's review of the administrator's decision on the Plaintiff's claim for

2   benefits." (Dkt. No. 169, 2:5-10.)  Judge Chen also recognized the limits to such discovery.

3   "[W]hile discovery into a conflict of interest is permitted, it too 'must be narrowly tailored to

4   reveal the nature and extent of the conflict, and must not be a fishing expedition'" particularly in

5   the context of ERISA, "where the use of deposition is an extraordinary measure that goes beyond

6   the normal framework of ERISA appeals." (Dkt. No. 181, 2:14-18 (citing *Zewdu v. Citigroup*

7   *Long Term Disability Plan,* 264 F.R.D. 622, 626 (N.D. Cal. 2010).)  Plaintiff previously sought to

8   depose ten individuals. (Dkt. No. 179.)  Given that the discovery sought was not narrowly drawn,

9   Judge Chen ruled that Plaintiff had not demonstrated the need for depositions or the legal authority

10  that such extraordinary measures are permissible in this case, but he acknowledged that Plaintiff

11  may be able to make a showing in the future, justifying such discovery. (Dkt. No. 181, 2:19-23.)

12      In this new attempt at discovery, Plaintiff relies on *Stephan v. Unum Life Ins. Co. of*

13  *America,* 697 F.3d 917 (9th Cir. 2012) in which the Ninth Circuit found reversible error where the

14  district court failed to allow Plaintiff discovery into the "nature and impact of a conflict of

15  interest" and weigh that conflict on summary judgment. *Id.* at 929.  While review of a benefits

16  determination is typically limited to the administrative record, "the evaluation of a conflict of

17  interest is not so limited…evidence outside the administrative record is 'properly considered' in

18  determining the extent to which a conflict of interest affected an administrator's decision." *Id.* at

19  930 (citation omitted).  Moreover, egregious procedural irregularities in the claims process could

20  warrant a court's *de novo* review of the administrator's decision to deny benefits. *Abatie v. Alta*

21  *Health & Life Insurance Co.,* 458 F.3d 955, 971, (9th Cir. 2009); *Sizemore v. PG&E Ret. Plan,*

22  952 F. Supp.2d 894, 899 (N.D. Cal. 2013).

23      In the discovery dispute currently before the Court, Plaintiff has provided adequate legal

24  authority to justify the need for some discovery.  Discovery to determine evidence of Franklin's

25  conflict and bias and any procedural irregularity that may have occurred in the administration of

26  Plaintiff's claim is appropriate.  However, that discovery must be limited in scope to the needs of

27  the case in accordance with Rule 26 of the Federal Rules of Civil Procedure.

28  //

**B.      The Scope of Discovery.**

While discovery may be appropriate, its scope must be "proportionate to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweigh its likely benefit." Fed.R.Civ.P. 26(b)(1).  Here, Plaintiff specifically seeks to depose five individuals: Nicole Smith (Franklin Benefits Manager), R. Bradford Huss and Robert Schwartz (Franklin's outside counsel), Dan Carr (Franklin in-house counsel), and Rupert Johnson, Jr. (Vice Chairman of Franklin at the time of administration of the claim).  Plaintiff seeks these depositions "to unpack exactly how and to what extent Franklin's conflict of interest affected that administration."  (Dkt. No. 185, 1-2.)  Plaintiff also seeks responses to ten interrogatories and ten requests for administration on the subject of Franklin's conflict of interest.

While the issue of conflict is important to the appeal of this ERISA claim and the amount in controversy significant, the issue does not require the duplication of testimony by deposing five people and written discovery on the subject.  Further, it is debatable whether the deponents noted are the appropriate individuals to testify on the subject of conflict or bias during the administration of the claim.  Rather than deposing the foregoing individuals and propounding written discovery, Plaintiff shall be permitted to conduct more limited discovery on the subject of conflict, much of which was described in Plaintiff's Response to the February 18, 2016 Order.  (Dkt. No. 190.)  Plaintiff shall be permitted the opportunity to conduct a Fed.R.Civ.P. 30(b)(6) deposition of the individual(s) knowledgeable of the following subjects:

(1) Steps taken to investigate the subject claim.

(2) The factual basis for the denial of the claim.

(3) Franklin's information regarding the address of Plaintiff, including record of his address in 1982, information on this subject gained during the administration and investigation of the claim, the removal of termination distribution documentation with the wrong address from the exhibits provided to the administration committee.

(4) When the decision to prepare the denial of claim was made and by whom.

3

1  (5) Evidence that Plaintiff did or did not receive ESOP shares.

2  (6) Procedures in place in 2007-08 to reduce bias in claim administration.

3  (7) Communications between Plaintiff and Defendant's representatives.

4  Based on the foregoing, the Defendant is ORDERED to designate individual(s) to testify on the foregoing, consistent with the provisions of Fed.R.Civ.P. 30(b)(6). The parties are ORDERED to meet and confer regarding the location and timing of the deposition(s). Plaintiff's request to depose the five individuals previously noted and request to propound written discovery is hereby DENIED.

**IT IS SO ORDERED**.

Dated: March 2, 2016

_____
SALLIE KIM
United States Magistrate Judge