UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SENDER,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANKLIN RESOURCES INC,<br><br>    Defendant. | Case No. 11-cv-03828-EMC<br><br>**ORDER OVERRULING PLAINTIFF'S OBJECTION TO THE FEBRUARY 18, 2016 ORDER**<br><br>Docket No. 194 |

## I. INTRODUCTION

On March 3, 2016, Plaintiff John Sender filed a Rule 72(a) objection to Judge Kim's February 18, 2016 order granting in part and denying in part Plaintiff's motion to compel the production of documents withheld by Defendant Franklin Resources, Inc. on the ground of attorney-client privilege.[1]  Docket No. 194 (Mot.).  The parties' dispute concerned whether Defendant was required to produce the documents under the fiduciary exception to the Employee Retirement Income Security Act of 1974 (ERISA).  *See* Docket No. 188 (Ord.) at 1.  This Court ordered supplemental briefing on Plaintiff's objections, as well as copies of the disputed documents.  Docket No. 198.  Having considered the parties' briefing and performed an *in camera review*, the Court **OVERRULES** Plaintiff's objection to Judge Kim's February 18, 2016 order.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 72(a), a district judge "may modify or set aside any part of [a magistrate judge's] order that is clearly erroneous or is contrary to law."  Clear error

---

[1] Judge Kim sustained the attorney-client privilege as to fifteen of the nineteen sets of communications at issue; the four remaining sets of communications (6, 15, 17, and 18) are not at issue in Plaintiff's objection.  *See* Mot. at 4.

exists when this Court is "'left with the definite and firm conviction that a mistake has been convicted.'" *Titus v. Humboldt Cnty. Fair Ass'n*, Case No. C 14-01043 SBA, 2015 U.S. Dist. LEXIS 162517, at *3 (N.D. Cal. Dec. 1, 2015).

At issue here is the application of the fiduciary exception to the attorney-client privilege. In the context of ERISA, "the fiduciary exception provides that an employer acting in the capacity of ERISA fiduciary is disabled from asserting the attorney-client privilege against plan beneficiaries on matters of plan administration." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 931 (9th Cir. 2012). In the Ninth Circuit, "the fiduciary exception is not really an exception at all." *Id.* Rather, because the fiduciary is only a representative for the beneficiaries of the trust, "it is not the fiduciary but rather the plan beneficiary that is the real client." *Id.* Thus, "[a]ttorney-client privilege is maintained; there is only a different understanding of the identity of the client." *Id.*

While ERISA has a broad disclosure requirement, "[t]he fiduciary exception has its limits-- by agreeing to serve as a fiduciary, an ERISA trustee is not completely debilitated from enjoying a confidential attorney-client relationship." *Id.* at 932. In confronting this tension, the Ninth Circuit has found that:

> where an ERISA trustee seeks an attorney's advice on a matter of plan administration and where the advice clearly does not implicate the trustee in any personal capacity, the trustee cannot invoke the attorney-client privilege against the plan beneficiaries. On the other hand, where a plan fiduciary retains counsel in order to defend herself against the plan beneficiaries (or the government acting in their stead), the attorney-client privilege remains intact.

*United States v. Mett*, 178 F.3d 1058, 1064 (9th Cir. 1999). Thus, "while the fiduciary exception does apply to advice on matters of plan administration, the attorney-client privilege reasserts itself as to any advice that a fiduciary obtains in an effort to protect herself from civil or criminal liability." *Id.* at 1066.

Here, Plaintiff argues that the withheld documents must relate to plan administration

because the documents were considered in deciding whether to deny Plaintiff's claim for benefits.[2] Mot. at 7. Plaintiff appears to argue for a *per se* rule, where any documents created during the period of administrative review must be disclosed per the fiduciary exception "[b]ecause Franklin was dutibound to act as Plaintiff's fiduciary during the period of the administrative review[; thus,] any actions it took to evaluate its own potential liability to Plaintiff were entirely voluntarily and not in response to any act or communication of Plaintiff, or any threat of imminent legal peril." Mot. at 5. However, no such *per se* rule exists; as Judge Kim correctly pointed out, the fiduciary exception requires "an evaluation of the content of the communication -- whether the communication involves administration of the claim or the potential liability of the trustee." Ord. at 3. Several district courts have thus found that *Mett* requires that "each communication be examined individually because 'the nature of the particular attorney-client communication' is dispositive." *Klein v. Northwestern Mut. Life Ins. Co.*, 806 F. Supp. 2d 1120, 1133 (S.D. Cal. 2011); *see also Wit v. United Behavioral Health*, Case No. 14-cv-02346-JCS, 2016 U.S. Dist. LEXIS 7242, at *16 (N.D. Cal. Jan. 21, 2016) (explaining the importance of the "actual content of the memoranda" and that "the nature of the particular attorney-client communication . . . is dispositive"). In *Klein*, the district court found that while "whether the communication was before or after the final benefits determination is a strong indicator of whether the exception will apply," other facts had to be considered, including:

> 1) the threat of litigation was more than a remote possibility; 2) the interests of the beneficiary and ERISA fiduciary had diverged significantly; 3) the documents or communications were not necessary to or relied upon in the administrative claim process; and 4) the documents relate to a settlor function (i.e., amendment of the plan) and were not considered in evaluating the claim at issue.

*Klein*, 806 F. Supp. 2d at 1133 (citing *Mett*, 178 F.3d at 1065).

Here, Judge Kim conducted an *in camera* review of nineteen sets of documents, sustaining the attorney-client privilege as to fifteen of these communications. Mot. at 4. With respect to

---

[2] Plaintiff also argues that the liability exception cannot apply because there was an insufficient divergence of interests; however, Judge Kim did not rely on the liability exception. As discussed below, Judge Kim found that the communications at issue "d[id] not involve the administration of the plan," which was why the fiduciary exception was inapplicable. Ord. at 4.

3

Communication 1, Judge Kim determined that the communications concerned the "applicability of a specific legal defense and thus, the Defendant's potential liability. It does not involve the administration of the plan." Ord. at 4. The remaining challenged Communications (2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 16, and 19) are each derived from Communication 1 or Communication 5 (which itself concerns Communication 1). *See id.* at 4-8.

Having conducted an *in camera* review, the Court finds no clear error with Judge Kim's determination. The communications concern a specific legal defense, and are completely unrelated to the factual validity of Plaintiff's benefit claims, whether to grant or deny the claim, or any other aspect of plan administration. *See id.* at 4.

Accordingly, Plaintiffs' motion for relief from Judge Kim's order of February 18, 2016 is hereby denied.

This order disposes of Docket No. 194.

**IT IS SO ORDERED**.

Dated: March 30, 2016

_____
EDWARD M. CHEN
United States District Judge

4